STATE OF MINNESOTA            DISTRICT COURT

COUNTY OF HENNEPIN        FOURTH JUDICIAL DISTRICT

Case Type: Personal Injury; Other Civil

---

**Glenda F. Johnson,**                      Court File No.: _____

                 Plaintiff,     Judge: _____

vs.

**Jason Wolff**, individually, and in his official capacity as a City of Minneapolis Police Officer;           **COMPLAINT**

**Peng Moua**, individually and in his official capacity as a City of Minneapolis Police Officer,         **JURY TRIAL DEMANDED**

              Defendants.

---

Plaintiff for her complaint against defendants states and alleges as follows:

**PRELIMINARY STATEMENT**

1. On about April 9, 2016, defendant City of Minneapolis Police Officers Wolff and Moua took plaintiff into custody for the purpose of bringing her to the Hennepin County Jail for alleged misdemeanor - obstructing of legal process without force. Under the totality of the circumstances defendants used objectively unreasonable, unnecessary and excessive force to arrest plaintiff. Defendants threw plaintiff to the floor of her home, handcuffed her wrists behind

1

Exhibit 2

her back and pulled her up off the floor of her home in a intentional, reckless and deliberate manner causing severe and permanent physical injury and great pain to plaintiff's right shoulder.

2. Plaintiff commences this action against defendant police officers individually and in their official capacities as City of Minneapolis Police Officers, and their employer, the City of Minneapolis, for violations of her rights under the United States Constitution, including her right to be free from objectively unreasonable, unnecessary and excessive force by police officers while being placed under arrest. Plaintiff's claims against defendants are grounded in 42 U.S.C. § 1983.

3. Plaintiff demands that this action be tried to a jury.

## PARTIES AND JURISDICTION

4. Currently plaintiff is a resident of the State of Nebraska and is a United States citizen. At times relevant and material to the incident that forms the basis for this action, plaintiff was a resident of the City of Minneapolis, County of Hennepin and State of Minnesota.

5. Defendant Jason Wolff at times relevant and material hereto was a City of Minneapolis Police Officer and was acting within the course and scope of his employment with the City of Minneapolis.

6. Defendant Peng Moua, at all times relevant and material hereto was a City of Minneapolis Police Officer and was acting within the course and scope of his employment with the City of Minneapolis.

Exhibit 2

7. At times relevant and material hereto, the defendant police officers were acting under color of law and pursuant to their authority as City of Minneapolis Police Officers.

8. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

9. This Court has subject matter jurisdiction to hear this claim pursuant to Minn. Stat. § 484.01 subd. 1(1).

## THE FACTS

10. On about April 9, 2016, plaintiff resided with her adult son, Victor Rogers. Jr.; husband, Logan John Johnson at 2631 Newton Avenue North - a two-story, single family home - in Minneapolis, Minnesota 55411.

11. On the evening of April 9, 2016, plaintiff's son's lifelong friend, Brendan Bechthold ("Mr. Bechthold") came over to plaintiff's home and was hanging out and/or visiting plaintiff's son, who was in the process of moving that day / night to his own place, so Victor was coming and going, making moving trips. Mr. Bechthold hung out, which plaintiff did not think strange of unusual, because he was along time friend of her son, who spent a lot of time at her home with her son.

12. Around 9:00 pm plaintiff and her son found Mr. Bechthold lying on an upstairs bedroom bed in a nonresponsive state.

13. Plaintiff immediately telephoned #911 to request emergency medical services for Mr. Bechthold.

3

Exhibit 2

14. Before the ground ambulance arrived, defendant Moua and partner heard the 911 call over the radio/computer and "self – assigned" to assist on the 911 call. Defendant understood plaintiff's 911 call reported a 21 year old in possible cardiac arrest. Defendant Moua and partner were the first to arrive at plaintiff's home. Plaintiff directed defendant and partner to the upstairs bedroom where they found Mr. Bechthold lying on his back on a single bed not breathing, unresponsive, cooler to the touch and turning bluish in color.

15. Defendants Wolff and partner were the second MPD squad to arrive on the scene. Plaintiff's husband directed defendants to go upstairs to the bedroom.

16. After a few minutes defendant Moua came downstairs and began questioning plaintiff, her son and husband before an ambulance was on the scene. When EMS did arrive, they were directed to the upstairs bedroom, and Moua continued with questioning plaintiff and her family.

17. The defendants verbally abused plaintiff and spewed out vulgar obscenities toward plaintiff in her home all intended to frighten and terrify plaintiff. Defendants intentionally, deliberately and recklessly escalated a human tragedy, in order to intimidate plaintiff, who had called 911 to ask for emergency medical services for her son's long time friend, who experienced a medical emergency and desperately needed their help. Defendants were not interested in helping Mr. Bechthold. Instead, they were interested in using tough, vulgar

4

Exhibit 2

obscenities on plaintiff to escalate the situation and intimidate and manipulate plaintiff.

18. Plaintiff was shook up, shocked, deeply affected and emotionally distressed after finding Mr. Bechthold unresponsive in her home.

19. After defendant MPD officers determined to investigate this tragic and emotionally charged incident, they determined they would not serve with compassion or use de-escalation tactics. Instead, defendant officers determined they would use escalation tactics, yell at plaintiff and spew out vulgar obscenities in her home. Without consent, defendants and partners searched plaintiff's home and restrained plaintiff.

20. Without provocation or prior active resistance, defendant Wolff grabbed plaintiff's right arm and physically dragged her into the living room of her home. Plaintiff protested Wolff's abusive conduct. He then ordered plaintiff leave her home. Plaintiff protested and denied consent to search her home. Defendant Wolff again grabbed plaintiff's right arm and jerked her arm. Wolff then grabbed plaintiff's right wrist area and used his left leg to trip and sweep plaintiff off of her feet forcefully putting her on the floor face down on her stomach on the floor of her home.

21. Defendants handcuffed plaintiff's wrists behind her back, searched her home and hoisted her off the floor by her restrained arms causing significant force and stress to plaintiff's right shoulder.

Exhibit 2

22. Plaintiff complained to the defendants that they hurt her right shoulder. Despite have unrelenting severe pain in her right shoulder, defendants put plaintiff in a MPD squad for immediate transport to the Hennepin County Jail.

23. Eventually, defendants allowed EMS personnel at the scene to examine plaintiff. EMS instructed defendants to release plaintiff from the handcuffs behind her back. Defendant officers refused to release plaintiff from behind the back restraints. Finally, EMS instructed the defendants they needed to transport plaintiff by ambulance to North Memorial Hospital for emergency department evaluation, care and treatment.

24. Subsequently, plaintiff was tab charged with Misdemeanor – Obstructing Legal Process. Plaintiff pleaded not guilty to alleged misdemeanor offense and demanded a jury trial. The Hennepin County District Court dismissed the charge in its entirety and with prejudice.

25. As a direct result of defendant's objectively unreasonable use of force, plaintiff suffered a serious permanent injury to her right shoulder requiring medical care and treatment including orthopedic surgery on her right shoulder

## COUNT I

### Violations of the Fourth, Fifth and Fourteenth Amendment and 42 U.S.C. §1983

Exhibit 2

26. Plaintiff realleges all of the above allegations set forth in this complaint as if hereinafter set forth in full, and the plaintiff further states and alleges as follows:

27. This claim arises under Title 42 of the United States Code (Civil Rights Act of 1871, as amended), including but not limited to §1983.

28. The defendants acted alone and/or in concert (two or more in concert) and they were state actors.

29. Defendants deprived the plaintiff of her rights, privileges and immunities secured by the United States Constitution; specifically, the Fourth, Fifth and Fourteenth Amendments in conjunction with other rights, including but not limited to, the following established rights: (a) the right to be free from unreasonable searches and seizures; (b) the right not to be deprived of liberty without due process of law; (c) the right to be free from excessive use of force by persons acting under color of state law; and (d) the right to be free from false arrest.

30. Plaintiff was subjected to unreasonable seizure when she was taken into custody inside her home. There was no justification for seizing plaintiff and therefore it was unreasonable.

31. Plaintiff was subjected to unreasonable and excessive force when she was thrown to the floor while handcuffed inside her home, resulting in a severe and permanent physical injury to her right shoulder. There was no justification for this use of force and therefore it was unreasonable and excessive.

Exhibit 2

32. The conduct and force used by the defendants against the plaintiff was unreasonable in light of the then existing facts and circumstances as judged by a reasonable police officer at the scene on April 9, 2016..

33. Defendants' individual and joint conduct was objectively unreasonable, and the unlawfulness of their actions or omissions was apparent in light of clearly established law.

34. As a direct and proximate result of the violation of the plaintiffs' constitutional rights by the defendants, plaintiff suffered damages as alleged in this complaint, and plaintiff is entitled to relief under 42 U.S.C. §1983. For all of the reasons set forth above, plaintiff is entitled to a judgment against the defendants, jointly and severally, in a reasonable amount in excess of $50,000. The City is liable under the doctrine of respondeat superior.

**COUNT II**
**Punitive Damages under Federal Law**

35. Plaintiff realleges the above allegations as if hereinafter set forth in full and further states and alleges as follows:

36. All of the aforementioned acts, errors and omissions of the defendant MPD officers were willful and malicious, committed in bad faith and with intentional, deliberate and reckless disregard for the rights and safety of plaintiff and other citizens, so as to subject the defendants to punitive damages pursuant to the statutes and common law of the United States of America.

Exhibit 2

**WHEREFORE**, Plaintiff respectfully prays that this Court grant them relief as follows:

1. Awarding judgment in favor of plaintiff and against defendants Wolff, Williams and Moua and each of each of them jointly and severally in an amount greater than $50,000 in compensatory damages.

2. Awarding judgment in favor of plaintiff and against defendants Wolff, Williams and Moua Collins and Tichich, individually, in an amount greater than $50,000 as and for punitive damages pursuant to 42 U.S.C. § 1983.

3. Awarding Plaintiff his reasonable attorney's fees, pursuant to 42 U.S.C. § 1988.

4. Awarding Plaintiff his costs and disbursements incurred herein.

5. For such other and further relief as to the Court deems just and equitable.

Dated: March 5, 2018

*/s/ James Behrenbrinker*
James Behrenbrinker (MN#186739)
*Attorney at Law*
Suite 1050 | Minneapolis Grain Exchange
412 South Fourth Street
Minneapolis, MN 55415-1413
Tel.: 612.294.2605 (voice)
Fax: 612.284.181971 and 612.294.2640
Cell: 612.419.8400
Behrenbrinker.law.office@gmail.com

**Attorney for Plaintiff**

Exhibit 2

## ACKNOWLEDGEMENT REQUIRED BY LAW

Plaintiff, through her undersigned attorney, hereby acknowledges that costs, disbursements, and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. § 549.211, to the party against whom the allegations in this pleading are asserted.

Dated: March 5, 2018

/s/ James Behrenbrinker
James Behrenbrinker
MN #0186739

Exhibit 2